# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00240-01/02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MICHAEL A. LORD (01) AND RANDALL B. LORD (02) | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is the Government's Interim Motion for Forfeiture (Record Document 36), seeking forfeiture of property from Randall and Michael Lord under 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853. For the reasons contained in the instant Memorandum Ruling, the Motion is hereby **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendants Michael Lord and Randall Lord have been convicted under 18 U.S.C. § 371 of conspiracy to operate an unlicensed money service business in violation of 18 U.S.C. § 1960. See Record Document 42 (transcript of guilty plea hearing). Defendant Michael Lord has also been convicted of participating in a drug conspiracy in violation of 21 U.S.C. § 846. See id. The Court held a sentencing hearing in the instant action on May 23 and 24, 2017. See Record Document 68 (minutes of sentencing hearing). At that hearing, the Court orally imposed a term of imprisonment for each Defendant in this action, but reserved a ruling on the matter of criminal forfeiture of property until a hearing could be held on the matter of forfeiture. See id. The Court set a hearing on the issue of forfeiture for June 5, 2017. See id. The Court has not yet issued a judgment in the instant action.

The indictment states that the Government seeks forfeiture of property from the Defendants under 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853. See Record Document 2 at 17-19, ¶¶ 1-9. Each Defendant agreed in his plea agreement to forfeit "all interests he owns or over which he exercises control, directly or indirectly, in any asset that is subject to forfeiture." Record Documents 34 and 35 at ¶ E 1. Forfeiture under 21 U.S.C. § 853 is available against "any person convicted of a violation of this title [Title 21] or title III punishable by imprisonment for more than one year." Michael Lord was convicted of participating in a drug conspiracy in violation of 21 U.S.C. § 846. See Record Document 42. Thus, forfeiture of property related to the drug conspiracy is available to the Government with respect to property owned by Michael Lord that meets the requirements of that section.

However, before the forfeiture hearing, the Court discovered a potential issue with the availability of criminal forfeiture under 18 U.S.C. § 982(a)(1). More specifically, the Court noted that 18 U.S.C. § 982(a)(1) provides for criminal forfeiture when a person has been "convicted of an offense in violation of section 1956, 1957, or 1960" of Title 18, but does not specifically provide for criminal forfeiture when a person has been convicted of *conspiring to commit* a violation of one of these sections. The Government's claim for forfeiture primarily rests upon this provision, as the Government seeks a money judgment of more than $2.6 million under this provision against Defendants for the property "involved in" or "traceable to" the offense under 18 U.S.C § 371 of conspiring to operate an unlicensed money service business in violation of 18 U.S.C. § 1960. See Record Documents 36 (the Government's Interim Motion for Forfeiture of Property) and 63 at 6-7 (table of deposits into bank accounts related to Defendants' bitcoin exchange business).

On June 6, 2017, the Court issued a Memorandum Order ordering the Government to brief this issue by June 19, 2017. See Record Document 74. The Government did not file any response by June 19, 2017, and the Court has been informed by counsel for the Government that the Government does not intend to file any response. Defendants responded on June 26, 2017, urging the Court to deny the Government's Interim Motion for Forfeiture as to both the conspiracy to operate an unlicensed money service business conviction and the drug conspiracy conviction. See Record Document 78.

## LAW AND ANALYSIS

"Criminal forfeiture statutes empower the Government to confiscate property derived from or used to facilitate criminal activity." Honeycutt v. United States, 198 L. Ed. 2d 73, 80 (June 5, 2017). As stated in the Court's previous Memorandum Order, Subsection (a)(1) of 18 U.S.C. § 982 states that:

> The court, in imposing sentence on a person convicted of an offense *in violation of section 1956, 1957, or 1960 of this title* shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property

(emphasis added). Two other subsections of this statute provide for forfeiture when specific crimes are committed. See 18 U.S.C. § 982(a)(3) and (7). Other subsections of 18 U.S.C. § 982(a), however, provide for forfeiture when a defendant has been convicted of "a violation of" specific federal criminal statutes "*or a conspiracy to violate*" those federal criminal statutes. 18 U.S.C. § 982(a)(2); see also 18 U.S.C. § 982(a)(5), (6), and (8) (emphasis added).

Both Michael and Randall Lord have pleaded guilty to and been sentenced to a term of imprisonment under 18 U.S.C. § 371 for the crime of *conspiring to* operate an unlicensed money service business in violation of 18 U.S.C. § 1960. The Court's

Memorandum Ruling denying Defendants' Motion to Withdraw their guilty pleas on this count was partially based on the language of 18 U.S.C. § 1960, as that statute is the underlying criminal statute that Defendants pleaded guilty to conspiring to violate. See United States v. Lord, 2017 U.S. Dist. LEXIS 60508 at *9-12 (W.D. La. 2017). Reference to that statute was necessary to resolve the Motion to Withdraw the guilty pleas, as the Government conceded that its evidence did not show that Defendants conspired to violate one subsection of 18 U.S.C. § 1960(b)(1), but nonetheless did show that they had conspired to violate another subsection. See id.

However, neither Defendant has actually been "convicted of an offense in violation of section . . . 1960 of [Title 18]." 18 U.S.C. § 982(a)(1). Conspiracy to commit a criminal offense is a crime that belongs to a class of crimes called inchoate crimes, and it is a separate crime from the underlying offense itself. See Iannelli v. United States, 420 U.S. 770, 777-779 (1975) (explaining why conspiracy and the underlying offense are considered separate offenses and that the Supreme Court has consistently attributed to Congress "a tacit purpose -- in the absence of any inconsistent expression -- to maintain a long-established distinction between offenses essentially different"). As explained above, the forfeiture statute upon which the Government relies provides for forfeiture only when a person is "convicted of an offense *in violation of section 1956, 1957, or 1960 of this title*." 18 U.S.C. § 982(a)(1) (emphasis added). Other subsections of that same statute expressly provide for forfeiture for commission of certain federal crimes *or* conspiracy to commit those crimes, indicating that if Congress intended to provide for criminal forfeiture for conspiring to violate 18 U.S.C. §§ 1956, 1957, or 1960, it would have expressly done so like it did for these other crimes. See 18 U.S.C.§ 982(a)(2), (5), (6), and (8).

The Court finds that reading subsection (a)(1) of 18 U.S.C. § 983 to provide for forfeiture for both an underlying violation of 18 U.S.C. § 1960 and a conspiracy to violate that provision under 18 U.S.C. § 371 when other subsections of 18 U.S.C. § 983(a) expressly provide for forfeiture for the crime of conspiracy violates the canons of construction that (1) statutes should be interpreted as a whole and (2) statutes should be interpreted to avoid rendering any part of their language superfluous. See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., 484 U.S. 365, 371 (1988) ("statutory construction . . . is a holistic endeavor," requiring that statutory provisions be read as part of a whole and not in isolation); see Corley v. United States, 556 U.S. 303, 314 (2009) ("a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant"). Additionally, all forfeiture statutes are at least partially punitive in nature. See Austin v. United States, 509 U.S. 602, 619-22 (1993). Punitive statutes are to be construed strictly. See Huddleston v. United States, 415 U.S. 814, 831 (1974) ("penal laws are to be construed strictly").

Recently, the Supreme Court applied this principle when it strictly construed the other criminal forfeiture statute involved in the instant action, 21 U.S.C. § 853. See Honeycutt, 198 L. Ed. 2d at 81-85. That statute provides for forfeiture of "property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of" certain serious drug crimes. 21 U.S.C. § 853(a)(1). The statute also provides that "the provisions of [§ 853] shall be liberally construed to effectuate its remedial purpose." 21 U.S.C. § 853(o). In Honeycutt, the Government sought joint and several forfeiture liability against one defendant for an amount representing the profits from sales of an ingredient for the production of methamphetamine. See Honeycutt, 198 L. Ed. 2d at

80. The Government sought joint and several forfeiture liability even though the defendant had not personally profited from these sales, as he was merely an employee of the business that had actually made the sales. See id. The Court rejected this argument, holding that the defendant had never truly "obtained" the property because he never personally came into possession of or acquired the property. Id. at 82. The Court stated that even though the statute provided for liberal construction, "the Court cannot construe a statute in a way that negates its plain text, and here, Congress expressly limited forfeiture to tainted property that the defendant 'obtained'." Id. at 85 n.2. Thus, the Court held that joint and several forfeiture liability for property obtained by coconspirators was unavailable despite the statute's statement that its terms should be liberally construed. Id. at 85.

Under these statutory construction principles, the Court finds that forfeiture under 18 U.S.C. § 982(a)(1) is only available when there is a conviction for an underlying violation of 18 U.S.C. §§ 1956, 1957, or 1960, and that forfeiture is not available when there is a conviction for a conspiracy to violate one of more of those statutes. Neither Randall nor Michael Lord has been convicted of a violation of 18 U.S.C. §§ 1956, 1957, or 1960. The Government therefore cannot obtain the money judgment sought in its Interim Motion for Forfeiture for property related to Defendants' bitcoin business. See Record Document 36.

As stated, the Government also seeks forfeiture of any property related to Michael Lord's drug conspiracy conviction under 21 U.S.C. § 853(a)(1). See Record Document 2 at 17-19, ¶¶ 1-9. Forfeiture of any such property would be available; however, the Court is unaware of any such property. The Government confirms there is no such property.

## CONCLUSION

Accordingly, the Government's Interim Motion for Forfeiture (Record Document 36) is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith, and a final judgment for the instant action will issue in due course.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 7th day of July, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE