# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**  
**CLERK**

**TEL. 504-310-7700**  
**600 S. MAESTRI PLACE,**  
**Suite 115**  
**NEW ORLEANS, LA 70130**

May 27, 2020

Mr. Tony R. Moore
Western District of Louisiana, Shreveport
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 19-30613   USA v. Michael Lord
                         USDC No. 5:15-CR-240-1

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                    Sincerely,

                                    LYLE W. CAYCE, Clerk

                                    By: _____
                                    Allison G. Lopez, Deputy Clerk
                                    504-310-7702

cc:  Mr. Paul J. Carmouche
     Ms. Camille Ann Domingue

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30613
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
May 5, 2020
Lyle W. Cayce
Clerk

D.C. Docket No. 5:15-CR-240-1

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

MICHAEL A. LORD,

    Defendant - Appellant

Appeal from the United States District Court for the
Western District of Louisiana

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.



**Certified as a true copy and issued as the mandate on May 27, 2020**

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30613
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
May 5, 2020
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

MICHAEL A. LORD,

        Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CR-240-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

    Michael A. Lord pleaded guilty to conspiracy to operate an unlicensed money servicing business involving bitcoin and to conspiracy to distribute and possess Alprazolam (Xanax), a Schedule IV controlled substance, with the intent to distribute. He was sentenced to 46 months imprisonment on the bitcoin conspiracy and 60 months on the drug conspiracy, to run consecutively. On his first appeal, we affirmed his convictions but reversed and remanded his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 19-30613 Document: 00515429439 Page: 2 Date Filed: 05/27/2020
Case 5:15-cr-00240-SMH-MLH Document 118 Filed 05/27/20 Page 4 of 5 PageID #: 1056

No. 19-30613

sentence. On remand, the district court sentenced Lord to consecutive 46 and 60-month sentences, for a total of 106 months. Lord objected because this was the same sentence imposed prior to this court's remand. Lord now appeals, challenging his sentence as procedurally and substantively unreasonable.

We review a district court's sentencing decision for procedural and substantive reasonableness, under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 50-51 (2007).

Lord complains that the district court erred in justifying its sentence with only conclusory reasons. But the district court considered the parties' arguments, and it gave its reasons for imposing consecutive sentences totaling 106 months, making clear its rationale for the sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007). This is sufficient under our precedent. *See id.*

Further, Lord cannot show that the district court abused its discretion by misapplying U.S.S.G. § 5G1.2(d). The district court did not impose a Guidelines-based sentence under § 5G1.2(d) but upwardly varied. Section 5G1.2 does not limit the district court's discretion to vary upwardly from the guidelines range based upon the 18 U.S.C. § 3553(a) factors and impose consecutive sentences. *See* 18 U.S.C. § 3584; *United States v. Conlan*, 768 F.3d 380, 394-95 & n.46 (5th Cir. 2015).

Lord's substantive reasonableness challenge also fails under the abuse-of-discretion standard. *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010). The district court's comments at sentencing reflect its consideration of the § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Lord asks us to reweigh the § 3553(a) factors, which is outside the scope of our review. *See Gall*, 552 U.S. at 51. Given the deference afforded to a district court's assessment of the § 3553(a) factors and the reasons for its

Case: 19-30613 Document: 00515429439 Page: 3 Date Filed: 05/27/2020
Case 5:15-cr-00240-SMH-MLH Document 118 Filed 05/27/20 Page 5 of 5 PageID #: 1057

No. 19-30613

sentencing decision, Lord has not shown that his sentence is unreasonable. *See id.* at 51.

    AFFIRMED.